IN THE MATTER OF CHARLEY RICH,
Foreman of the Grand Jury of Clay County, Tennessee.

413 S.W.2d 374

(*Nashville*, December Term, 1966.)

Opinion filed March 10, 1967.

KENNETH HARWELL, Nashville, and RENEAU & RENEAU,
Celina, for plaintiff in error.

GILBERT S. MERRITT, JR., U. S. Attorney, and ROLLIE L.
WOODALL, Assistant U. S. Attorney, Nashville, for defend-
ant in error.

MR. JUSTICE CHATTIN delivered the opinion of the Court.

The petition in this case was filed by the United States of America by and through the United States District Attorney General for the Middle District of Tennessee. The petition sought an order of the Court removing the obligation of the oath of secrecy imposed by law upon Charley Rich, Foreman of the Grand Jury of Clay County, and permitting him to testify before the Federal Grand Jury at Nashville as to testimony heard by the Grand Jury of Clay County at its October term 1965, in an investigation of a criminal charge against Robert L. Corbin, Investigator for the Alcohol and Tobacco Tax Division of the Internal Revenue Service.

In support of the petition it was alleged:

"1. That during the trial before the Honorable William E. Miller, Judge of the District Court of the United States for the Middle District of Tennessee, of the cases of *United States v. Carl Reels and James Harrison Smith*, Number 3277, N. E. Criminal, and

*United States v. Dana Lewis Emberton and Carl Reels,* Number 3286, N.E. Criminal, in the Northeastern Division of the Middle Judicial District of Tennessee, the said Robert L. Corbin was the paramount witness for the United States.

"2. That during the aforesaid trials, testimony in behalf of the defendants was adduced which accused the said Robert L. Corbin of criminal activity during the course of his official investigation of the violations of Federal Law for which the defendants stood charged and which stated that the alleged violations were investigated by the Grand Jury of Clay County, Tennessee, which evidence, if believed by the jury, would impair the credibility of the witness.

"3. That as a result of the aforesaid, the United States Grand Jury for the Middle Judicial District of Tennessee is investigating possible violations of Federal Law by perjury, the subornation thereof, and obstruction of justice.

"4. That in pursuit of its investigation, the United States Grand Jury desires the testimony of Charlie Rich, Foreman of Grand Jury of Clay County, Tennessee, regarding the activities and testimonies of certain persons, but Charlie Rich, having obtained this information in his capacity as Foreman of the Clay County Grand Jury, is prevented by law and by his oath from revealing the same until and unless relieved by order of the Court.

"5. That the Assistant United States Attorney verily believes that the attainment of justice and the vindication of truth and right requires that the conduct and testimony of certain persons, prosecutors, and wit-

nesses active in the Clay County Grand Jury's investigation of the matter aforesaid be inquired into and that there is presently no reason why it should not be done, the Clay County Grand Jury having concluded its investigation of the matter.''

The petition prayed for service of process upon Rich to appear before the Court on January 17, 1966, for a hearing.

Rich filed a demurrer to the petition which was overruled. He then filed an answer to the petition.

In his answer Rich averred he had no knowledge of the matters alleged in paragraphs numbered one, two and three of the petition but demanded strict proof of same.

The answer averred that T.C.A. Section 40-1612 permitted a court to remove the oath of secrecy of a Grand Juror in only two instances, neither of which was made out by the petition; and that the petition was premature because the investigation of the criminal charge against Corbin had not been concluded by the Grand Jury.

The trial judge heard the matter on oral testimony and at the conclusion of the hearing sustained the petition and entered a judgment removing the seal of secrecy as to Rich.

Rich filed a motion for a new trial which was overruled. He has perfected an appeal to this Court and assigned errors.

The petitioner produced two witnesses, Honorable Baxter Key, Jr., District Attorney General, and the respondent, Rich, in support of the petition.

General Key testified the Grand Jury of Clay County conducted an investigation of the criminal charge against

Corbin at its October term 1965. That his office presented witnesses as to the alleged crime before the Grand Jury at that time. That the Grand Jury failed to return either a true bill or a no bill in their final report. He stated that as far as his office was concerned the matter was closed.

Rich testified that a Grand Jury subpoena had been issued for several witnesses to appear before the Grand Jury during the investigation but the officers for various reasons had been able to contact only three of them.

He stated that after the three witnesses testified he asked the other members of the Grand Jury whether they thought there was sufficient evidence to indict Corbin and they replied in the negative. After this action was taken, the jury made their report and were discharged by the Court.

On cross examination he stated he had received additional information relative to the charge against Corbin, after the Grand Jury was discharged; and that the matter would be further investigated at the following term of court.

It was stipulated that the clerk of the Criminal Court of Clay County would testify there was no record of any kind in his office of a criminal charge against Corbin.

It is insisted by respondent a court has jurisdiction to remove the oath of secrecy of a grand juror in only two instances and neither of these instances are shown in the record.

T.C.A. Section 40-1611 provides:

"Every member of a grand jury shall keep secret the proceedings of that body, and the testimony given before them, except as provided in sec. 40-1612."

T.C.A. Section 40-1612 provides:

"A member of a grand jury may be required by the court to disclose the testimony of a witness examined before them, for the purpose of ascertaining whether it is consistent with that given by the witness before the court, or to disclose the testimony given before them by any witness upon a charge against him for perjury."

██ We think it is clear the statute authorizes a court to remove the oath of secrecy of a grand juror for the purpose of ascertaining whether the testimony of a witness before the grand jury is consistent with that given by him as to the same matter at a subsequent trial.

There is no proof in the record to substantiate the allegations contained in paragraph numbered one, two and three of the petition.

The petition does not allege nor does it appear in the evidence in support of the petition that a witness had testified in the whiskey cases in the Federal Court in behalf of the defendants who had also previously testified in the investigation of the charge against Corbin before the Clay County Grand Jury. However, for sake of argument, we will assume this is the import of the petition.

The petition in this case alleges that during the trial of the whiskey cases testimony was adduced which accused Corbin of criminal activity during his investigation which resulted in the arrest and indictment of the defendants in the Federal Court; that the alleged criminal activity of Corbin had been investigated by the Grand

Jury of Clay County; and that such testimony, if believed by the jury, would impair Corbin's credibility as a witness.

Both General Key and Rich testified the Grand Jury had investigated an alleged criminal charge against Corbin at its October term 1965. Rich testified three witnesses had testified before the Grand Jury in regard to the alleged charge. Thus, testimony before the Federal Court that Corbin had been accused of criminal activity which had been investigated by the Clay County Grand Jury was true.

Whatever may have been the testimony of the witnesses before the Grand Jury could not be inconsistent with the testimony of any witness in the Federal Court that Corbin had been accused of a criminal offense which had been investigated by the Clay County Grand Jury.

Thus, the facts appearing in this record do not come within the exceptions of the statute which authorizes a court to remove the oath of secrecy of a grand juror.

Accordingly, we sustain respondent's first assignment of error.

■ Nevertheless, petitioner insists a court has the inherent power to remove the oath of secrecy of a grand juror when necessary to the attainment of truth and justice.

We agree a court has such power when it is made to appear the investigation has been concluded and thereafter it is necessary to the attainment of justice that the testimony of witnesses before a Grand Jury be inquired into.

■ However, respondent insists the record shows the petition was prematurely filed and the trial judge erred in failing to so hold.

We think this assignment is good and sustain it. Rich testified the investigation of the charge against Corbin was not concluded at the October term. That he, as Foreman of the Grand Jury, had received additional information with respect to the charge against Corbin and that the investigation would continue at the next term of court. Petitioner tendered Rich as a witness and thereby vouched for his credibility.

In the case of *Jones v. Turpin,* 53 Tenn. 181 (1871), this Court said:

"The oath of a grand juror that he will keep secret the state's counsel, his fellows' and his own, is intended to protect the grand jury from the interference of persons not of its body, persons who may, either for themselves or friends, be interested in the action of the jury in finding or ignoring bills before them, or that may come before them, and who, if it were not prohibited, would bring to bear improper influences upon the minds or passions of the jury, thereby defeating the policy of the law in securing the passage or defeat of presentments or indictments through hatred, malice, ill will, fear, favor or affection.

"No higher obligation can rest upon a citizen than that of a grand juror, and unless his deliberations and inquiries are protected from all influences, except those derived from legitimate sources of information the institution becomes one of oppression and tyranny. Hence, the earnest concern of the law to keep pure the

action, thought, and conversation of grand jurors while acting as such.

\* \* \* \* \* \*

"When these ends have been accomplished, the entire purpose of secrecy is effected, and if at a subsequent period it shall become necessary to the attainment of justice and the vindication of truth and right in a judicial tribunal, that the conduct and testimony of prosecutors and witnesses shall be inquired into, there is no reason why it should not be done."

In the case of *Crocker v. State,* 19 Tenn. 127 (1838), it is said:

"It is unquestionably true that grand jurors are bound by the terms of their oath not to disclose what may transpire before them, and if they transgress in this particular they are finable; but there can be no doubt that this required secrecy is not intended to secure a guilty witness from punishment for the crime of perjury, if committed, but to secure a correct administration of justice, and to prevent the evidence adduced before the grand jury from being counteracted by subornation of perjury on the part of the defendant. It is for reasons of public policy, then, that grand jurors are prohibited from disclosing facts deposed to before them, but if public policy or justice to an individual likely to be injured by the perjury of a witness, requires that it should be done, the courts must have the power of releasing the jurors from the obligation imposed on them by law, and receiving their testimony or be the means of working injustice to those under their protection."

It is our opinion the oath of secrecy of a grand juror should not be removed on every request or suggestion. The power of a court to remove the oath of secrecy should not be exercised except in cases where it is clearly shown necessary to the attainment of justice.

The respondent has assigned several other errors which we have considered and find without merit.

■ Lastly, it is insisted for the first time by petitioner in its brief the respondent has no standing or right to prosecute this appeal. We think this contention is without merit. Petitioner made respondent a party and caused process to be served upon him. He answered the petition, testified at the hearing and prayed and was granted an appeal to this Court without any objection of the petitioner. It is evident, therefore, petitioner recognized respondent's rights as Foreman of the Grand Jury for Clay County.

The judgment of the trial court is reversed and the petition is dismissed at the cost of petitioner.

BURNETT, CHIEF JUSTICE, DYER and CRESON, JUSTICES, and HARBISON, SPECIAL JUSTICE, concur.